**Douglas K. DVORAK, an individual, Plaintiff–Appellant,**

v.

**CLEAN WATER SERVICES, a public utility, Defendant–Appellee.**

No. 06–35525.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2008.

Filed March 12, 2009.

Craig A. Crispin, Crispin & Associates, Patty Rissberger, Crispin Employment Lawyers, Portland, OR, for Plaintiff-Appellant.

David H. Wilson, Jr., Bullard Smith Jernstedt Wilson, Portland, OR, for Defendant-Appellee.

Before: SCHROEDER and PREGERSON, Circuit Judges, and STROM,* District Judge.

## MEMORANDUM **

Douglas Dvorak ("Dvorak") appeals a district court order granting Appellee Clean Water Services's ("CWS") motion for summary judgment. The parties are familiar with the facts of the case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291. We review the motion for summary judgment de novo, *MetroPCS, Inc. v. City and County of San Francisco*, 400 F.3d 715, 720 (9th Cir.2005), and reverse.

We must determine, viewing the evidence in the light most favorable to Dvorak, whether any genuine issues of material fact exist. *See In re Imperial Credit Industries, Inc.*, 527 F.3d 959, 965 (9th Cir.2008). We find that genuine issues of material fact do exist. Dvorak declared that he has severe neck pain and frequent migraines that limit his motion and sometimes require him to lie down. Dvorak also introduced evidence of his seventy percent VA disability rating.

Furthermore, "if a person is taking measures to correct for, or mitigate, a physical or mental impairment, the effects of those measures—both positive and negative—must be taken into account when judging whether that person is substantially limited." *Sutton v. United Air Lines*, 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (internal quotation

---

* The Honorable Lyle E. Strom, U.S. District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

marks omitted).[1] Dvorak contends that he could work only because he took medications. CWS argues that those very medications rendered Dvorak incapable of working. Whether these medications freed Dvorak of substantial limitations or imposed such limitations is a factual question best decided by the jury.[2]

There are also material issues of fact regarding CWS's perception of Dvorak as a disabled person. Individuals are regarded as disabled under the Americans with Disabilities Act if an employer mistakenly believes the individual has a limiting impairment or mistakenly believes that an impairment is limiting. *Sutton*, 527 U.S. at 476. Plaintiffs must show that an employer regarded limitations as precluding an employee from a broad class of jobs. *Thompson v. Holy Family Hospital*, 121 F.3d 537, 541 (9th Cir.1997). Here, CWS had already received "a suggestion of possibly inappropriate use" of narcotic painkillers by the time it placed Dvorak on leave. CWS did not terminate Dvorak until after receiving a medical opinion that Dvorak was dependent on painkillers. CWS supervisors told Dvorak that they "wouldn't even put Dvorak behind a computer," let alone allow him to return to his field position, suggesting that they may have believed that Dvorak was precluded from a wide range of jobs. This evidence is sufficient to raise a genuine issue of material fact whether CWS perceived Dvorak to be disabled because of drug addiction.

Dvorak has also demonstrated a material issue of fact whether he had a record of impairment that qualified him as disabled under 42 U.S.C. § 12102(2)(1)(B). Dvorak listed various physical problems in his initial employment application. CWS supervisors were aware that Dvorak used painkillers, and that at times CWS accommodated his need to perform light duty. Though CWS never read Dvorak's VA medical records, it did receive summaries of those records from Dr. Antoniskis. Whether this evidence is sufficient to establish a record of disability is a genuine issue of material fact for the jury to decide.

Viewing the evidence in the light most favorable to Dvorak, genuine issues of material fact exist regarding Dvorak's actual limitations, perceived limitations, and record of impairment. Accordingly, we RE-VERSE the district court's grant of summary judgment and REMAND for further proceedings consistent with this disposition.

---

1. We note that after submission of this case before this court, Congress amended the Americans with Disabilities Act ("ADA"). Pub.L. No. 110–325, 122 Stat. 3553 (2008). The amendments broaden coverage of the ADA by stating that the substantial limitation inquiry "shall be made without regard to the ameliorative effects of mitigating measures such as ... medication." 122 Stat. at 3556; *See also Rohr v. Salt River Project Agricultural Imp. and Power Dist.*, 555 F.3d 850 (9th Cir. 2009). As in *Rohr,* however, we find that there are genuine issues of material fact under the earlier interpretation of the ADA articulated in *Sutton,* and therefore we do not address the retroactivity of the 2008 amendments.

2. The district court did not address, and we do not reach, the issue whether Dvorak's medication regimen rendered him a "direct threat." *See* 29 C.F.R. § 1630.15(b)(2).